**WO**                                                                                                             HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria G. Raymond, ) | No. CV 08-00695-PHX-EHC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Sodexho Management, Inc., et al., ) | |
| Defendants. ) | |

Before the Court is the Motion to Dismiss (Dkt. 5) of Defendants Sodexho Management, Inc. ("Sodexho"), Al Shut ("Defendant Shut") and Theresa Shut.[1] Plaintiff Maria G. Raymond filed a Response (Dkt. 6) and Defendants filed a Reply (Dkt. 10). For the reasons discussed herein, Defendants' Motion to Dismiss (Dkt. 5) is granted in part and denied in part.

**I.   Background**[2]

In March 1999, at the age of sixty-five, Plaintiff began her employment with

---

[1] Theresa Shut is named as a defendant because she is the wife of Al Shut. She is not alleged to have participated in any of the events giving rise to Plaintiff's lawsuit.

[2] The following facts come from Plaintiff's Complaint (Dkt. 1) and the March 28, 2006, letter (Dkt. 5, Exhibit 1). The letter is appropriate for consideration on a motion to dismiss because Plaintiff's demotion is alleged in the complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (the "incorporation by reference" doctrine permits a court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the complaint).

1  Defendant Sodexho as a Mess Attendant.  Around September 2004, Plaintiff was promoted
2  to a supervisor position.  She was informed that supervisors were required to pass a
3  mandatory test to maintain their positions.  Plaintiff was also informed that she would be
4  permitted to take the test up to three times in order to pass, and before she would lose her
5  supervisory position.

6  Plaintiff did not pass the test the first time she took it.  Sometime in January 2006, a
7  document stating that "[Plaintiff] is still not certified," was posted on a wall in the mess hall.
8  On January 17, 2006, Plaintiff called in sick.  Defendant Shut called Plaintiff at her home to
9  inquire why she was not at work.  Plaintiff informed Defendant Shut that per her doctor's
10 orders, she would not be able to return to work until January 21, 2006.  Plaintiff also told
11 Defendant Shut that she was upset that a document stating she had not passed the exam had
12 been posted in the mess hall for all other employees to read.  Defendant Shut stated that he
13 had done nothing wrong, and asked Plaintiff, "are you going to quit?" and "do I need to start
14 looking for another supervisor?"  Plaintiff said "no.".

15 In February 2006, Plaintiff failed to pass the test a second time.  On March 28, 2006,
16 Plaintiff received a letter stating that she could no longer hold her supervisor position
17 effective March 31, 2006, because she had not received a passing percentage on the Servsafe
18 Food Safety Manager Certification Exam.  The letter offered Plaintiff a position as Mess
19 Attendant effective April 1, 2006.  According to Plaintiff, in December 2006, a younger
20 employee who had also failed the test twice, was allowed to keep her supervisory position.

21 On April 11, 2007, Plaintiff filed a charge of age discrimination against Defendant
22 Sodexho with the Arizona Attorney General's Office and the Equal Employment Opportunity
23 Commission.  Plaintiff received a Notice of Right to Sue on January 4, 2008, and filed the
24 current action on March 6, 2008.

25
26
27
28

**II.     Motion to Dismiss Standard**

The Supreme Court recently retired the oft-quoted <u>Conley v. Gibson</u>[3] language that long-defined the standard district courts were to apply when deciding motions to dismiss. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1968 (2007).  The Court, however, reiterated that the accepted pleading standard remains unchanged: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  <u>Twombly</u>, 127 S.Ct. at 1968.  The Court further noted that district courts weighing a motion to dismiss should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Twombly</u>, 127 S.Ct. at 1969 n.8 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974)).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."  <u>Twombly</u>, 127 S.Ct. at 1965.

**III.    Timely Filing**

Defendants first contend that Plaintiff's age discrimination claims are barred because she failed to timely file a charge of discrimination.  Under the Arizona Civil Rights Act ("ACRA"), a charging party must file a charge of discrimination with the Arizona Civil Rights Division ("ACRD") within 180 days of any alleged unlawful employment practice. <u>See</u> A.R.S. 41-1481(A).  Ordinarily, the Age Discrimination in Employment Act ("ADEA") also requires a charging party to file a charge with the EEOC within 180 days of the alleged discriminatory act.  <u>See</u> 29 U.S.C. § 626(d)(1).  When the state where the act occurred, however, has its own age discrimination law and its own enforcement agency (a "deferral state"), the ADEA extends the time to 300 days.  <u>See</u> 29 U.S.C. § 626(d)(2); 29 U.S.C. § 633(b).  Failure to file a charge within these required time limits generally prevents a person

---

[3]<u>Conley v. Gibson</u>, 355 U.S. 41 (1957). In <u>Twombly</u>, the Court stated that the "no set of facts" language from <u>Conley</u> had "been questioned, criticized, and explained away long enough[,]" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]" <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1969.

1  from litigating their claim.  See Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1099 (9th
2  Cir. 1998).  Because Arizona is a "deferral state," Plaintiff had 300 days from the alleged
3  unlawful employment practice to file her ADEA charges with the EEOC.

4  There is no dispute that Plaintiff failed to meet either the 180-day or 300-day time
5  limits.  Plaintiff was removed from her supervisory position effective April 1, 2006.  Thus,
6  Plaintiff was required to file a charge contesting her demotion with the ACRD no later than
7  September 28, 2006, and with the EEOC no later than January 26, 2007.  Plaintiff did not file
8  a charge with the ACRD until April 11, 2007, 374 days after she was removed from her
9  supervisory position.  Plaintiff, however, contends that her age discrimination claims were
10 continuing actions that "tolled" the time limits until the date of the last discriminatory
11 activity.  Plaintiff argues that the continuing activity here was Plaintiff's "inability to retake
12 the test for a third time, as Plaintiff had been informed."  (Dkt. 6).

13 The Supreme Court has discussed at length the concept of continuing violations.  In
14 AMTRAK v. Morgan, the Court held that a discrete retaliatory or discriminatory act is said
15 to have "occurred" on the day it "happened."  AMTRAK v. Morgan, 536 U.S. 101, 110 (U.S.
16 2002).  Discrete acts include such actions as termination, failure to promote, refusal to hire,
17 and denial of transfer.  See AMTRAK, 536 U.S. at 115.  When there are two discrete actions,
18 one outside and one within the statute of limitations, the untimely claim cannot be rendered
19 timely simply because it is related to a timely action.  See AMTRAK, 536 U.S. at 110 ("[a]
20 discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened'...discrete
21 acts that fall within the statutory time period do not make timely acts that fall outside the time
22 period.").  That is, time barred discrete acts are not actionable, even if they are related to
23 timely filed charges.

24 The alleged refusal by Defendants to provide Plaintiff a third opportunity to retest
25 prior to removing her from her supervisor position was a discrete act that occurred on a
26 particular day.  See AMTRAK, 536 U.S. at 110.  Although Plaintiff does not allege that the
27 denial of a third retest occurred on a specific date, it must have occurred on or prior to April
28 1, 2006, the day she was demoted because by Plaintiff's own allegations, she was promised

- 4 -

1 the opportunity to retest a third time *prior* to being removed from her supervisor position.
2 Even if subsequent denials occurred within the time limits, they would not render timely the
3 prior refusals to retest occurring outside the time limits.[4]  See AMTRAK, 536 U.S. at 110.

4    The Supreme Court in AMTRAK, however, distinguished discrete acts of
5 discrimination from claims arising out of a hostile work environment.  The Court noted that
6 "[a] hostile work environment claim is comprised of a series of separate acts that collectively
7 constitute one "'unlawful employment practice.'"  AMTRAK, 536 U.S. at 117.  Thus, the
8 Court held that "[i]t does not matter, for purposes of the statute, that some of the component
9 acts of the hostile work environment fall outside the statutory time period. Provided that an
10 act contributing to the claim occurs within the filing period, the entire time period of the
11 hostile environment may be considered by a court for the purposes of determining liability."
12 AMTRAK, 536 U.S. at 117.  While AMTRAK discussed this rule only in the context of Title
13 VII, it has been applied equally to claims arising under the ADEA.  See e.g., Schlosser v.
14 Potter, 248 Fed. Appx. 812 (9th Cir. 2007); Bauer v. Bd. of Supervisors, 44 Fed. Appx. 194,
15 198 (9th Cir. 2002).

16    Plaintiff's complaint sets forth allegations that she was, and continues to be, subjected
17 to a hostile work environment.  The alleged hostile work environment began when Plaintiff's
18 supervisor posted the aforementioned notice in the common area stating that Plaintiff was not
19 "certified."  A short time after, Plaintiff was terminated from her supervisor position without
20 being given the option to retest.  While these discrete acts fall outside the limitations period,
21 Defendant's refusal to allow Plaintiff to retest a third and final time is alleged to be
22 continuous.   Such a continuous refusal–or refusals– could collectively constitute one

---

[4]Plaintiff's attempt to cast Plaintiff's inability to retest as a continuing violation does not comport with Plaintiff's allegations that she was promised the ability to retest *prior to* losing her supervisor position.  Indeed, Plaintiff alleges that only *supervisors* had to pass the food safety examination.  Following her demotion on April 1, 2006, by Plaintiff's own allegations, she was performing the job of Mess Attendant – a non-supervisory position. Defendant had no reason to offer the supervisor's exam to Plaintiff after her demotion, and thus, there could be no continuing violation.

"unlawful employment practice." See AMTRAK, 536 U.S. at 117. Plaintiff's allegations are limited, stating only that "Defendant has not allowed Plaintiff to take the test a third time in order to keep her status as supervisor." (Dkt. 1, ¶ 11). While Plaintiff has a substantial problem in proving that such a continued refusal to allow her a retest contributed to a hostile work environment,[5] at the pleading stage, Plaintiff's allegations are sufficient to overcome the statute of limitations bar.[6] See Twombly, 127 S.Ct. at 165 (plaintiff should be given opportunity to offer proof in support of colorable claims).

Defendants' Motion to Dismiss will be granted as to all discrete acts of discrimination because they occurred outside the limitations period. Plaintiff, however, will be able to proceed with her hostile work environment claim to the extent it involves Defendants' continued refusal to allow her to retest.

**IV.   Plaintiff's ADEA Claims Against Defendant Shut**

Defendants further request dismissal of Plaintiff's ADEA claims against Defendant Shut because the ADEA does not permit liability against individuals. Plaintiff argues that she is not bringing a claim against Defendant Shut as an individual, but rather as an "agent, servant, and employee of Defendant Sodexho" (Dkt. 1, pg. 2), and is bringing claims against him in his official "agent capacity" (Dkt. 6, pg. 4). Such an argument is without merit.

---

[5] An actionable discrimination claim based on hostile work environment under the ADEA is one for which "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment. . . .'" Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 240 (2d Cir. 2007) (citation omitted).

[6] While the complaint does not specifically use the words "hostile work environment," Plaintiff's allegations are sufficient. See Kassner, 496 F.3d at 240 ("Although the complaint does not explicitly allege discrimination based on a hostile work environment, the complaint alleges "continued harassment" of Kassner and alleges facts from which we may infer pleading of hostile work environment claims as to her; the complaint states that "Lebewohl and several of his subordinates have repeatedly made degrading comments towards Ms. Kassner, including, but not limited to, 'drop dead,' 'retire early,' 'take off all of that make-up[,]' and 'take off your wig.'").

1  Individuals cannot be held liable for damages under the ADEA, Title VII, or ACRA,[7] even
2  in their official capacity.  See Miller v. Maxwell's Int'l,  991 F.2d 583, 588 (9th Cir. 1993)
3  (dismissing plaintiff employee's claims against employer and defendant managers under Title
4  VII, ADEA, and EPA because acting as an agent of an employer is tantamount to acting in
5  one's official capacity, and does not subject individual to liability); Lee v. Solano County
6  Prob. Dep't., 237 Fed. Appx. 184, 185 (9th Cir. 2007) (holding that plaintiff failed to
7  establish a prima facie case for age discrimination, and that he cannot sue individual
8  defendants).  Thus, Plaintiff's claims against Defendant Shut will be dismissed
9       Accordingly,
10      **IT IS ORDERED GRANTING** in part and **DENYING** in part Defendants' Motion
11  to Dismiss (Dkt. 5).  Plaintiff may proceed with her hostile work environment claim against
12  Defendant Sodexho.  All other claims are dismissed with prejudice.
13      **IT IS FURTHER ORDERED** dismissing all claims against Al Shut and Theresa
14  Shut with prejudice.
15      DATED this 16th day of July, 2008.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge

---

[7]Arizona courts have ruled that the ACRA is "substantially identical" with federal legislation, that the "Arizona legislature intended to accomplish the same objectives" and that federal precedent under Title VII is "instructive and apposite." See Bernstein v. Aetna Life & Casualty, 843 F.2d 359, 364 (9th Cir. 1988) (quoting Civil Rights Div. v. Superior Court, 146 Ariz. 419, 424, 706 P.2d 745, 750 (1985)).